# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CRIMINAL NO. 07-30024 |
| ) | |
| LEAMON A. HATFIELD, ) | |
| ) | |
| Defendant. ) | |

## ORDER

**REAGAN, District Judge:**

On January 15, 2008, the Court entered an Order denying Hatfield's motion for new trial (Doc. 113). The Court recently discovered that the Order contains three clerical errors.

First, in the second full paragraph on page three, the Order states that Officer Cutshaw "recovered wire cutters and prescription pill bottles from the, and found a police scanner nearby." The Order should state that Officer Cutshaw "recovered wire cutters and prescription pill bottles from **them**, and found a police scanner nearby."

Second, in the last line on page five, the Order states that Mr. Garrison "acknowledge the need to issue a curative instruction." The Order should state that Mr. Garrison "**acknowledged** the need to issue a curative instruction."

Finally, in the second full paragraph on page fifteen, the Order states that Hatfield argued that if the Government provided more information, "he may have been able to establish a public authority offense." The Order should state, "he may have been able to establish a public authority **defense**."

**FEDERAL RULE OF CRIMINAL PROCEDURE 36** provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or

other part of the record, or correct an error in the record arising from oversight or omission."

Accordingly, the Court hereby **VACATES** its January 15, 2008 Order (Doc. 113) and will issue an Order that corrects these errors.

**IT IS SO ORDERED.**

**DATED this 22nd day of January 2008.**

<u>s/ Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**