# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 07-CR-30024 |
| ) | |
| LEAMON A. HATFIELD, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### A. Background and Introduction

Defendant Leamon A. Hatfield was indicted by the United States on February 23, 2007 for conspiracy to unlawfully enter pharmacies with the intent to steal controlled substances in violation of 18 U.S.C. § 2118(b) and (d). A jury trial commenced October 29, 2007, and the jury found Hatfield guilty on November 2, 2007.

Sentencing was initially set for February 8, 2008. The Pre-Sentence Investigation Report (PSR) indicated a total restitution amount of $235,397.09. Hatfield filed a sentencing memorandum with respect to the PSR (Doc. 114), requesting that he not be ordered to pay the full amount because he was not personally involved in each and every burglary. Rather, he argues that because he was only involved in two robberies—Sevierville, TN and Princeton, WV—and there was no loss reported at those locations, no restitution should be ordered.

At sentencing, the Court directed the parties to file memoranda addressing the issue and set a hearing for May 9, 2008. Hatfield filed his memorandum on February 27, 2008 (Doc. 137) and the Government filed its response on April 3, 2008 (Doc. 140).

Having thoroughly considered the parties' arguments, the Court hereby **ORDERS** that Hatfield pay restitution in the full amount of $235,397.09.

### B. Analysis

**Section 5E1.1 of the U.S. Sentencing Guidelines** provides:

> (a) In the case of an identifiable victim, the court shall
> (1) enter a restitution order for the full amount of the victim's loss, if such order is authorized under . . . 18 U.S.C. § 3663A; . . .

The Mandatory Victims Restitution Act (MVRA), **18 U.S.C. § 3663A(c)(1)(A)(ii)**, requires that a defendant be ordered to make restitution to the victim of the offense, where the conviction was for an offense against property under the Controlled Substances Act. This is the case here, where Hatfield was convicted of conspiracy to unlawfully enter pharmacies with the intent to steal controlled substances.

> Furthermore, the statute defines "victim" as:
>
> a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person **directly harmed** by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern.

**Section 3663(A)(a)(2) (emphasis added).**

Hatfield argues that the language "directly harmed" prevents the Court from ordering restitution with respect to any burglaries in which he did not personally participate. In essence, he asserts that the pharmacies that he did not personally burglarize are not his "victims" within the meaning of the Act. Rather, because the evidence indicates that he was only involved in two burglaries—Sevierville, TN and Princeton, WV—and no loss was reported at either location, Hatfield argues that he should not be ordered to pay any restitution whatsoever.

In interpreting the meaning of "victim" under the MVRA, the Seventh Circuit has explained that the MVRA authorizes restitution in three situations:

> first, to a victim directly harmed by the offender's "*specific conduct that is the basis of the offense of conviction*"; second, to a victim who is directly harmed by the offender's conduct in the course of committing an offense that involves "*as an element* a scheme, conspiracy, or pattern"; third, if the parties so agreed in a plea agreement.

***United States v. Randle*, 324 F.3d 550, 556 (7th Cir. 2003) (emphasis in original).** Although the Court's research uncovers no case that specifically defines the phrase "directly harmed," the construction offered by Hatfield would eliminate any distinction between the first and second situations. Under Hatfield's construction, both would require a showing of specific conduct aimed at a particular victim. That position ignores the statute's provision that the term "victim" also includes one who is harmed by the defendant's participation in a conspiracy offense.

This concept is made clear in ***United States v. Martin***, where the Seventh Circuit explained that the MVRA permits the Court to order restitution for any loss caused by a conspiracy. **195 F.3d 961, 968 (7th Cir. 1999).** The Court explained that "the Act seeks to engraft a civil remedy onto a criminal statute, giving the victim of the crime the recovery to which he would have been entitled in a civil suit against the criminal." ***Id.* at 968.**

Additionally, "the existence of a causal relation between the defendant's conduct and the loss that the Act requires him to restore is essential." ***Id.*** However, in a conspiracy case, causation need not be shown by the defendant's specific acts toward a specific victim. "The liability of co-conspirators is joint as well as several, . . . consistent with the general common law rule making joint tortfeasors jointly as well as severally liable for the harm caused by the tort." ***Id.*** Thus, even where one defendant may lack direct involvement with a particular loss, his "conviction

. . . expose[s] him to joint liability with [his co-conspirators]." *Id.* **at 969.**

Moreover, the court provided that "in determining the scope and consequence of the scheme the judge [is] not limited to the evidence presented at the trial." *Id.* **(citing 18 U.S.C. §§ 3664(d)(4), (d)(6), (e);** *United States v. Savage***, 891 F.2d 145, 151 (7th Cir.1989);** *United States v. Obasohan***, 73 F.3d 309 (11th Cir.1996) (per curiam)).** Thus, so long as this Court finds that the losses at issue were caused by Hatfield and/or his co-conspirators, Hatfield may be ordered to make restitution as to the entire loss caused by the conspiracy.

Hatfield does not contest that the losses described in the PSR were in fact caused in the course of the conspiracy for which he was convicted. Having fully considered the PSR and the evidence in the case, the Court finds that the particular losses described in the PSR were in fact caused by Hatfield and his co-conspirators.

The Government points out that **18 U.S.C. § 3664(h)** provides:

> If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.

In other words, the Court may alternatively apportion liability among all defendants according to their culpability and economic circumstances, but it is not required to do so. The Court may instead make Hatfield liable for the full amount of loss caused by the conspiracy. Having considered the parties' arguments, the Court finds that Hatfield should be liable for payment of the full amount of restitution, jointly and severally with his co-conspirators.

Hatfield raises an additional argument in his memorandum. **USSG § 5E1.1(b)(2)** states that where the restitution order pertains to an offense against property as described in **18**

**U.S.C. § 3663A(c)(1)(A)(ii)**, restitution need not be ordered

> to the extent the court finds from facts on the record, that (A) the number of identifiable victims is so large as to make restitution impracticable; or (B) determining complex issues of fact related to the cause or amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process.[1]

Hatfield argues that restitution is impracticable and would be a great burden on the sentencing process because there are allegedly 37 victims in nine states, who suffered a collective loss of nearly $250,000. He attempts to bolster this argument by noting that he has a negative net worth.

It is difficult to see why any of the factors identified by Hatfield would make restitution impracticable or burdensome. The amount of each victim's loss has already been calculated, and there are no complex issues of fact involved in this case.

Finally, the Court notes that the Government has indicated that additional co-defendants are set for trial in the fall. If they are found guilty, the Government intends to file a petition to equitably resolve the restitution issue in the instant case. According to the Government, any such petition will request a reduction in the amount of restitution based upon the co-defendants' responsibility. The Court notes that the Government may file its petition in the instant case, in a timely fashion, in the event that other responsible co-defendants are found guilty.

### C. Conclusion

Accordingly, the Court hereby **DENIES** Hatfield's request that he not be required to pay the full amount of restitution (Doc. 114) and **ORDERS** that Hatfield pay restitution in the full amount of $235,397.09.

---

[1] The same "exception" to ordering restitution is found at **18 U.S.C. § 3663A(c)(3)**.

IT IS SO ORDERED.

DATED this 9th day of May 2008.

        <u>s/ Michael J. Reagan</u>
        **MICHAEL J. REAGAN**
        **United States District Judge**